IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| GAIL BEMBNISTER and KATE FLYNN, individuals, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | Case No.: |
| | ) | |
| WILL COUNTY and the WILL COUNTY PUBLIC DEFENDER'S OFFICE, a municipal corporation, and FRANK ASTRELLA, individually, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT AT LAW

NOW COME, Plaintiffs, GAIL BEMBNISTER and KATE FLYNN, individually, by and through their attorneys, Seth R. Halpern and Meredith W. Buckley of MALKINSON & HALPERN, P.C., and complain of the Defendants WILL COUNTY and the WILL COUNTY PUBLIC DEFENDER'S OFFICE and FRANK ASTRELLA, in his individual capacity, as follows:

**I.** **Nature of the case:**

1. Plaintiff, Gail Bembnister (hereinafter "Bembnister" or "Plaintiff") and Kate Flynn (hereinafter "Flynn" or "Plaintiff") are currently and were at all relevant times employed as Assistant Public Defenders in the Will County Public Defender's Office. Bembnister and Flynn were, at all times relevant, under the supervision of Defendant Frank Astrella (hereinafter "Astrella" or "Defendant"), the Will County Public Defender.

2. This is an individual action brought by Bembnister and Flynn for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq*, the

First and Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983 (hereinafter § 1983) and by Plaintiff Flynn under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (hereinafter "A.D.A.").

3.      Plaintiffs allege violations based on sexual harassment, retaliation for reporting and participating in a sexual harassment investigation, and additionally, as to Plaintiff Flynn, pregnancy discrimination and failure to accommodate for a known disability.

4.      Plaintiffs, who are still currently employed as Assistant Public Defenders in the Will County Public Defender's Office, have requested that the retaliation and unlawful employment practices stop and have complained to various supervisory staff within the Will County Public Defender's Office, including but not limited to, Defendant Astrella, Misdemeanor Supervisor Jaya Varghese, Felony Supervisor Greg DeBord, Will County Circuit Court Chief Judge Kinney and his Court Administrator Kurt Sangmeister, as well as their Union representatives. Plaintiffs' complaints have been unsuccessful and the unlawful employment practices continue within the Will County Public Defender's Office.

5.      As a result of Defendants' conduct, Plaintiffs' careers have suffered and they have been denied opportunities for advancement and they have suffered, and continue to suffer, significant emotional distress. Plaintiffs seek declaratory and injunctive relief, compensatory and punitive damages, attorney's fees and costs and other appropriate legal and equitable relief.

**II.      Jurisdiction and Venue**

6.      This Court has jurisdiction of this case pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 2000e *et seq*., and 42 U.S.C. § 12101 *et seq*.

7.      This action properly lies in this district pursuant to 28 U.S.C. § 1391 because the claims arose in this judicial district.

2

### III.    Procedural Requirements

8.    Plaintiffs Bembnister and Flynn have complied with all administrative prerequisites by filing with the Equal Employment Opportunity Commission ("EEOC") timely Charges and Amended Charges of Discrimination based on sexual harassment and retaliation by Plaintiff Bembnister and charges based on retaliation, pregnancy discrimination and failure to accommodate for a known disability by Plaintiff Flynn.

9.    On August 5, 2014, John P. Rowe, District Director of the EEOC issued a Notice of Right to Sue for Plaintiff Flynn's Charges of Discrimination. On September 4, 2014, the United States Department of Justice, which was referred Plaintiffs' Bembnister EEOC Charges, issued a Notice of Right to Sue for Plaintiff Bembnister's Charges of Discrimination. A copy of the Charges of Discrimination and Notices of Right to Sue are attached as Group Exhibit A.

### IV.    Parties

#### a.    Plaintiffs

10.    Plaintiff, Gail Bembnister, is a female citizen of the United States of America and presently and at all relevant times, resides in the City of Joliet, County of Will, State of Illinois. Plaintiff Bembnister, an attorney, was hired as an Assistant Public Defender by Defendants in May of 2008 and has continually, including up through the filing of this Complaint, been employed in such position.

11.    At all times, Plaintiff Bembnister has and continues to perform her job satisfactorily and to the reasonable business expectations of her employers, Will County and the Will County Public Defender's Office.

12.    Plaintiff, Kate Flynn, is a female citizen of the United States of America and presently and at all relevant times resides in the City of New Lenox, County of Will, State of

Illinois.  Plaintiff Flynn, an attorney, was hired as an assistant public defender by Defendants in June of 2008 and has continually, including up through the filing of this Complaint, been employed in such position.

13.     At all times, Plaintiff Flynn has and continues to perform her job satisfactorily and to the reasonable business expectations of her employers, Will County and the Will County Public Defender's Office.

14.     Plaintiffs Bembnister and Flynn, at all times relevant to this Complaint were, and remain, employees of Defendant Will County and the Will County Public Defender's Office as defined by Title VII, 42 U.S.C. § 2000e(f).  Plaintiff Flynn was also an employee as defined by the A.D.A., 42 U.S.C. § 12111(4).

15.     Plaintiffs Bembnister and Flynn file this matter jointly in the interest of judicial economy and pursuant to Rule 20 of the Federal Rules of Civil Procedure, as their claims arise out of the same and/or similar series of occurrences and the questions of law and fact that will arise in this matter are common to all parties.

**b.     Defendants**

16.     Defendant Will County is a municipal corporation, operated by departments, one of which being the Will County Public Defender's Office.  The Will County Public Defender's Office functions under the Chief Judge of the 12th Judicial Circuit and the Public Defenders operate two offices, one located "downtown" at 58 E. Clinton Street in Joliet, Illinois, and the other located in "River Valley" 3202 W. McDonough Street in Joliet, Illinois.

17.     The "downtown" office handles primarily misdemeanor and felony cases.  The "River Valley" office handles primarily juvenile and abuse and neglect cases.  Felony jury trials are exclusively conducted at the "downtown" office and do not occur at "River Valley."

18.     At all times relevant, Defendant Will County and the Will County Public Defender's Office were employers as defined by Title VII, 42 U.S.C. § 2000e(b) and the A.D.A., 42 U.S.C. §12111(5)(A).

19.     Defendant Astrella was appointed Public Defender for Will County in September of 2008, a few months after the hiring of Plaintiffs Bembnister and Flynn.  At all times relevant, Defendant Astrella was and remains Plaintiffs' supervisor.  Defendant Astrella possessed and was delegated final policymaking authority for personnel issues arising within the Will County Public Defender's Office and made final decisions regarding promotions and transfers of Assistant Public Defenders employed by Will County.

20.     Defendant Will County and the Will County Public Defender's Office and Defendant Astrella are responsible for the acts of its command staff and supervisors, acting within the scope of their employment and pursuant to policy, custom and/or practice.  Defendant Will County and the Will County Public Defender's Office and Defendant Astrella committed and allowed acts of sexual harassment, pregnancy discrimination, retaliation, failure to accommodate and violations of the rights of freedom of speech under the First Amendment and equal protection under the Fourteenth Amendment of the Constitution of the United States of America and § 1983, as complained of herein.

21.     Defendant Astrella, during all times relevant to this Complaint, acted under color of law, had final policy making authority and had personal involvement in the deprivation of Plaintiffs' Constitutional rights, as set forth herein.

22.     Plaintiffs' claims against Defendant Astrella are being brought against him in his individual capacity.

5

V.      **Factual Allegations**

a.      **Sexual Harassment, Report and Investigation**

23.     Plaintiff Bembnister was hired as an Assistant Public Defender in May of 2008. Plaintiff Flynn was hired as an Assistant Public Defender one month later in June of 2008.   Both Bembnister and Flynn were assigned to the misdemeanor division at the "downtown" Joliet office.

24.     Plaintiffs Bembnister and Flynn, at all times relevant, performed their job in a satisfactory manner and successfully fulfilled their duties as Assistant Public Defenders for the community of Will County and the Office of the Public Defender.

25.     Defendant Frank Astrella was appointed as the Will County Public Defender in or around September of 2008.

26.     Throughout Plaintiffs' employment, Defendant Astrella would make sexually derogatory and inappropriate comments in the workplace.

27.     Defendant Astrella, in the presence of Plaintiff Bembnister or at times directed to Plaintiff Bembnister, made sexually derogatory and inappropriate comments, including but not limited to:

> i.       making sexually suggestive comments about females' clothing;
>
> ii.      making sexually suggestive comments about females' bodies;
>
> iii.     making lewd and inappropriate comments related to and about sex;
>
> iv.      inquiries into employees' intimate sexual lives and histories; and
>
> v.       making flirtatious comments to female employees and State's Attorneys.

28.     Plaintiff Flynn witnessed or was a direct recipient of Defendant Astrella's sexually derogatory and inappropriate comments that included, but are not limited to:

6

i.      making sexually suggestive comments about females' clothing;

ii.     making sexually suggestive comments about females' bodies;

iii.    inquiries into employees' intimate sexual lives and histories; and

iv.     making flirtatious comments to female employees and State's Attorneys.

29.     Plaintiffs Bembnister and Flynn dismissed Defendant Astrella's comments and made it known that they believed Defendant Astrella's comments and actions were inappropriate and unwelcomed.

30.     Defendant Astrella favored employees that put up with his inappropriate comments and behavior and when Plaintiffs Bembnister and Flynn voiced their disapproval of said comments and behavior, Defendant Astrella and his staff quickly began to exhibit disfavor to both.

31.     On or around March 29, 2012, Plaintiff Bembnister made a written complaint about Defendant Astrella's sexually harassing and inappropriate behavior, as well as the hostile work environment created by his actions, to Chief Judge Kinney, the then acting Chief Judge of the 12th Judicial District.

32.     Will County Court Administrator Kurt Sangmeister allegedly conducted an investigation in response to Plaintiff Bembnister's report of sexual harassment and hostile work environment.  Mr. Sangmeister met with Plaintiff Flynn in response to Plaintiff Bembnister's complaints.  Plaintiff Flynn confirmed and corroborated the sexually harassing and inappropriate behaviors of Defendant Astrella, as well as the hostile work environment that existed as a result of Defendant Astrella's actions.

33.     On April 10, 2012, Mr. Sangmeister sent a letter to Plaintiff Bembnister confirming that Defendant Astrella "did violate office policy and standards regarding acceptable

work place behavior" and that the Office of the Chief Judge "does not condone any form of inappropriate behavior which creates a hostile work environment which certainly occurred in several instances you outlined in your letter." The letter went on to state that the Office of the Chief Judge had addressed the allegations with Defendant Astrella and they considered the matter closed.

34.     Upon information and belief, no disciplinary action was taken against Defendant Astrella by Defendant Will County or the Will County Public Defender's Office.

35.     After Bembnister's report and Flynn's corroboration, Defendant Astrella and his staff subjected Plaintiffs to retaliatory behavior, including but not limited to:

i.      subjecting Plaintiffs to harsher and different disciplinary standards then their similarly situatated counterparts;

ii.     subjecting Plaintiffs to different and more negative terms and conditions of employment than their similarly situated counterparts;

iii.    ostracizing and isolating Plaintiffs and creating an uncomfortable work environment;

iv.     limiting Plaintiffs' opportunities for advancement by restricting their felony jury trials; and

v.      moving Plaintiffs' offices in order to keep an eye on the problem employees.

36.     On or about September 21, 2012, Plaintiff Bembnister met with Court Administrator Sangmeister to discuss Defendant Astrella's retaliatory actions.  Defendants took no action in response to Plaintiff Bembnister's complaints of unlawful retaliation by Defendant Astrella and his staff.

**b.     River Valley Transfers**

37.     In December of 2012, Plaintiff Bembnister was notified that she was going to be transferred to "River Valley" in January of 2013..

8

38.     In December ofof 2013, Plaintiff Flynn was notified that she was going to be transferred to õRiver Valleyö in Janaury of 2014.

39.     A transfer to River Valley is a well-known punitive assignment that presents little or no chance for advancement within the Will County Public Defenderøs Office.

40.     õRiver Valleyö Assistant Public Defendersø opportunities for felony jury trials and felony criminal litigation practice are vastly limited compared to the õdowntownö Assistant Public Defenders asno felony jury trial are conducted at õRiver Valleyö.

41.     Felony jury trial experience is important for advancement within the Will County Public Defenderøs Office, as well as career development.

42.     Plaintiffs Bembnisterøs and Flynnøs transfers to River Valley were not in the best interest of the Office of the Public Defender, rather, such transfers were retaliatory in nature for their complaints and corroboration of sexual harassment.

43.     Plaintiffs continually applied for available positions in the õdowntownö office after their transfers to River Valley and were continually denied such positions.

**c.      Plaintiff Flynn's Pregnancy**

44.     Beginning in or around November of 2011, Defendant Astrella began to continually make derogatory statements about pregnancy in the workplace, including but not limited to:

   i.   stating he did not like when Assistant public Defenders got pregnant and took maternity leave;

   ii.   stating to Plaintiff Flynn that she õbetter not get pregnant;ö

   iii.   expressing irritation with the scheduling and case assignment changes that had to be made when an Assistant Public Defender went on maternity leave;  and

   iv.   making it clear that negative employment actions would result if an

Assistant Public Defender was to get pregnant and take her entitled maternity leave.

45.     In or around July of 2013, Plaintiff Flynn notified misdemeanor supervisor, Jaya Varghese, that she intended to become pregnant and was undergoing fertility treatments.   On or around October 31, 2013, Plaintiff Flynn notified Defendant Astrella and felony supervisor, Greg DeBord that she was, in fact, pregnant.

46.     On December 20, 2013, Plaintiff Flynn was notified she was being transferred to River Valley.

**d.     Plaintiff Flynn's disability and request for a reasonable accommodation**

47.     Plaintiff Flynn suffers from a seizure disorder that is controlled by medication.

48.     In early September of 2012, Plaintiff Flynn was weaned off seizure medication at the direction of her physicians because she was trying to become pregnant.

49.     When unable to take her seizure medication, her seizures are triggered by fatigue and/or hunger.   Plaintiff Flynn, when not on her seizure medication, attempts to avoid long periods without eating or long periods without rest.

50.     In September of 2013, Plaintiff Flynn was assigned to a courtroom with a court call that would not allow the Assistant Public Defenders to take a break until 2:30 p.m. or 3:00 p.m. on a frequent and continuous basis.

51.     Concerned about her health and the health of her baby, on or about November 12, 2013, Plaintiff Flynn spoke to her supervisors, Defendant Astrella, Greg DeBord and Jaya Varghese, and requested a reasonable accommodation, that she be provided with a reasonable lunch break during the work day.  No accommodations were provided in response to this request.

52.     On or about November 18, 2013, Plaintiff Flynn provided Defendant Astrella, Greg DeBord, Jaya Varghese and Leslie Fabrizo with a note from her doctor setting forth that

she was pregnant, unable to take her seizure medication and required a reasonable lunch break during her work day.  No accommodation was provided in response to this request.

        **e.**        **Failure to Promote**

53.      Prior to Plaintiff Bembnister's report of Defendant Astrella's sexually harassing behavior, and Plaintiff Flynn's corroboration of such harassment and Plaintiff's Flynn pregnancy, promotions from the misdemeanor to the felony department were based on seniority, such that the most senior misdemeanor Assistant Public Defender was promoted to the felony division when a position became available.

54.      On or about February 21, 2014, subsequent to Plaintiff Bembnister's report of sexual harassment, Plaintiff Flynn's corroboration of such sexual harassment and notification of her pregnancy, and subsequent to Plaintiffs' filing of Charges of Discrimination with the EEOC, a felony position became available "downtown" at the Will County Public Defender's Office.

55.      Plaintiffs Bembnister and Flynn, being the most senior misdemeanor Assistant Public Defenders, applied for and were qualified for such positions; however, again, a less senior public defender was given this "downtown" felony promotion.

56.      On or about April 15, 2014, a misdemeanor public defender position became available at the "downtown" office.

57.      Plaintiff Bembnister and Flynn applied for and were certainly qualified for this misdemeanor position, as they were the most senior misdemeanor Assistant Public Defenders, however, they were not offered this position.

58.      In June of 2014, another misdemeanor public defender position became available at the "downtown" office.

59.     Plaintiff Bembnister and Flynn applied for this position, and again, they were not offered this position.

60.     In October of 2014, yet another misdemeanor public defender position became available at the "downtown" office.

61.     Plaintiff Bembnister and Flynn applied for this position, and yet again, they were not offered this position.

62.     Throughout this time, following their reports and corroboration of sexual harassment, Plaintiff Bembnister and Flynn continually and repeatedly requested felony jury trial assignment.  All of Plaintiffs' requests were denied, however, less senior misdemeanor public defenders were offered felony jury trial assignments.

63.     Defendants denial of promotions,  lateral moves and felony jury trial experience that would further Plaintiffs' careers were discriminatory and retaliatory in nature for Plaintiffs' complaints and corroboration of sexual harassment, Plaintiffs' Charges of Discrimination, and as to Plaintiff Flynn, additional because of her pregnancy.

<u>**COUNT I**</u>
**Plaintiff Bembnister v. Defendant Will County and the Will County Public Defender's Office**
**Title VII - Sexual Harassment**

1-63.   Plaintiffs repeat and re-allege paragraphs 1-63 of the Complaint as if they are fully set forth herein.

64. Throughout Plaintiff Bembnister's employment, Defendant Astrella would make sexually derogatory and inappropriate comments in the workplace in her presence and at times directed towards Plaintiff Bembnister, including but not limited to:

        i.      making sexually suggestive comments about females' clothing;

12

   ii.  making sexually suggestive comments about females' bodies;

   iii.  making lewd and inappropriate comments related to and about sex;

   iv.  inquiries into employees' intimate sexual lives and histories; and

   v.  making flirtatious comments to female employees.

65. The foregoing constitutes impermissible sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

66. Plaintiff Bembnister made it known that Defendant's Astrella's comments were unwelcomed.

67. Plaintiff Bembnister complained to management, including the Chief Judge of the 12th Judicial Circuit, Judge Kinney, and Court Administrator, Kurt Sangmeister, about Defendant's Astrella's unwelcomed and sexually harassing comments; however, upon information and belief, Defendant Astrella was not disciplined for his actions.

68. Defendant Astrella's sexually harassing behavior created a hostile work environment.

69. Defendant Will County and the Will County Public Defender's Office course of conduct showed a disregard to Plaintiff Bembnister's right to have an employment free from unlawful sexual harassment.

70. As a result of Defendant's unlawful employment practices complained of herein, Plaintiff Bembnister suffered, and continues to suffer, from severe emotional distress, embarrassment, mental anguish and humiliation.

WHEREFORE, Plaintiff Bembnister, respectfully prays that this Court enter an Order:

(a) Declaring the conduct of Defendant Will County and the Will County Public Defender's Office and its agents/employees, as described herein, is in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.;

13

(b)      Awarding Plaintiff Bembnister compensatory damages;

(c)      Awarding Plaintiff Bembnister reasonable attorneys' fees and costs under 42 U.S.C. § 2000e-5(k); and

(d)      Permanently enjoining and restraining Defendants from, in any manner:

        i)      allowing and permitting sexual harassment and gender discrimination in the work environment; and

        ii)      retaliating against Plaintiff Bembnister for complaining about sexual harassment and gender discrimination.

## COUNT II
**Plaintiff Bembnister v. Defendant Will County and the Will County Public Defender's Office**
**Title VII - Impermissible Retaliation**

1-63.    Plaintiffs repeat and re-allege paragraphs 1-63 of the Complaint as if they are fully set forth herein.

64.    Plaintiff Bembnister dismissed Defendant's Astrella's comments and made it known that his comments were unwelcome.

65.    Plaintiff Bembnister complained to management, including the Chief Judge of the 12th Judicial Circuit, Judge Kinney, and Court Administrator, Kurt Sangmeister, about Defendant's Astrella's unwelcomed and sexually harassing comments and participated in Defendant Will County's supposed investigation of Defendant Astrella's harassing behavior.

66.    As a result of Defendant Astrella and Defendant Will County's unlawful employment actions, Plaintiff Bembnister filed Charges of Discrimination alleging sexual harassment and retaliation with the Equal Employment Opportunity Commission.

67.    Plaintiff Bembnister's internal complaints and Charges of Discrimination are protected activities under Title VII of the Civil Rights Act.

68.     After Plaintiff Bembnister's above mentioned protected activities, Defendant Astrella and his staff subjected Plaintiff Bembnister to retaliatory behavior, including but not limited to:

i.      subjecting Plaintiff Bembnister to harsher and different disciplinary standards then their similarly situated counterparts;

ii.     subjecting Plaintiff Bembnister to different and more negative terms and conditions of employment than their similarly situated counterparts;

iii.    ostracizing and isolating Plaintiff Bembnister and creating an uncomfortable work environment;

iv.     limiting Plaintiff Bembnister's opportunities for advancement by restricting her felony jury trials; and

v.      moving Plaintiff Bembnister's offices in order to keep an eye on the problem employees;

vi.     transferring Plaintiff Bembnister to River Valley, a well-known punitive assignment;

vii.    denying Plaintiff Bembnister lateral positions that would lead to career advancement; and

viii.   denying Plaintiff Bembnister promotions to the felony division.

69.     The foregoing constitutes impermissible retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a).

70.     Defendant Will County and the Will County Public Defender's Office behaviors and course of conduct showed a disregard to Plaintiff Bembnister's right to have an employment free from impermissible retaliation for protected activities.

71.     As a result of Defendant's unlawful employment practices complained of herein, Plaintiff Bembnister experienced, and continue to experience, lost wages and benefits from promotions and lost opportunities for career advancement and has suffered and continue to suffer from severe emotional distress, embarrassment, mental anguish and humiliation.

WHEREFORE, Plaintiff Bembnister, respectfully prays that this Court enter an Order:

(a)     Declaring the conduct of Defendant Will County and the Will County Public Defender's Office and its agents/employees as described herein, is in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.;

(b)     Awarding Plaintiff Bembnister the back pay and benefits, with interest, front pay and future pecuniary losses she suffered as a result of Defendant's conduct;

(c)     Awarding Plaintiff Bembnister compensatory damages;

(d)     Awarding Plaintiff Bembnister reasonable attorneys' fees and costs under 42 U.S.C. § 2000e-5(k); and

(e)     Permanently enjoining and restraining Defendants from, in any manner:

i)      allowing and permitting unlawful retaliation for protected activities; and

ii)      retaliating against Plaintiff Bembister for complaining about unlawful retaliation.

### COUNT III
### Plaintiff Flynn v. Defendant Will County and the Will County Public Defender's Office
### Title VII - Impermissible Retaliation

1-63.   Plaintiffs repeat and re-allege paragraphs 1-63 of the Complaint as if they are fully set forth herein.

64.     Plaintiff Flynn participated in Defendant Will County's investigation of Defendant's Astrella sexually harassing behavior and corroborated such unlawful actions.

65.     In response to Defendants' retaliatory employment actions as a result of Plaintiff's participation of and corroboration of sexual harassment, Plaintiff Flynn filed Charges of Discrimination alleging impermissible retaliation.

66.     Plaintiff Flynn participation in a sexual harassment investigation and filing Charges of Discrimination are protected activities under Title VII of the Civil Rights Act.

67.     After Plaintiff Flynn's above mentioned protected activities, Defendant Astrella and his staff subjected Plaintiff Flynn to retaliatory behavior, including but not limited to:

      i.     subjecting Plaintiff Flynn to harsher and different disciplinary standards then their similarly situated counterparts;

      ii.     subjecting Plaintiff Flynn to different and more negative terms and conditions of employment than their similarly situated counterparts;

      iii.     ostracizing and isolating Plaintiff Flynn and creating an uncomfortable work environment;

      iv.     limiting Plaintiff Flynn's opportunities for advancement by restricting her felony jury trials;

      v.     moving Plaintiff Flynn's offices in order to keep an eye on the problem employees;

      vi.     transferring Plaintiff Flynn to River Valley, a well-known punitive assignment;

      vii.     denying Plaintiff Flynn lateral positions that would lead to career advancement; and

      viii.     denying Plaintiff Flynn promotions to the felony division.

68.     The foregoing constitutes impermissible retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a).

69.     Defendant Will County and the Will County Public Defender's Office's behaviors and course of conduct showed a disregard to Plaintiff Flynn's right to have an employment free from impermissible retaliation for protected activities.

70.     As a result of Defendant's unlawful employment practices complained of herein, Plaintiff Flynn experienced, and continue to experience, lost wages and benefits from promotions and lost opportunities for career advancement and has suffered, and continues to suffer, from severe emotional distress, embarrassment, mental anguish and humiliation.

WHEREFORE, Plaintiff Flynn , respectfully prays that this Court enter an Order:

(a)    Declaring the conduct of Defendant Will County and the Will County Public Defender's Office and its agents/employees, as described herein, is in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.;

(b)    Awarding Plaintiff Flynn the back pay and benefits, with interest, front pay and future pecuniary losses she suffered as a result of Defendant's conduct;

(c)    Awarding Plaintiff Flynn compensatory damages;

(d)    Awarding Plaintiff Flynn reasonable attorneys' fees and costs under 42 U.S.C. § 2000e-5(k); and

(e)    Permanently enjoining and restraining Defendants from, in any manner:

        i)    allowing and permitting unlawful retaliation for protected activities; and

        ii)    retaliating against Plaintiff Flynn for complaining about unlawful retaliation.

## <u>COUNT IV</u>
**Plaintiff Flynn v.  Defendant Will County and the Will County Public Defender's Office Title VII – Pregnancy Discrimination**

1-63.    Plaintiffs repeat and re-allege paragraphs 1-63 of the Complaint as if they are fully set forth herein.

64.    As set forth herein, Defendant Astrella, beginning in or around November of 2011, continually made derogatory statements about pregnancy in the workplace, including but not limited to:

    i.    stating he did not like when Assistant public Defenders got pregnant and took maternity leave;

    ii.    stating to Plaintiff Flynn that she "better not get pregnant;"

    iii.    expressing irritation with the scheduling and case assignment changes that had to be made when an Assistant Public Defender went on maternity leave;  and

    iv.    making it clear that negative employment actions would result if an Assistant Public Defender was to get pregnant and take her entitled maternity leave.

65.     Plaintiff Flynn notified her Defendant Astrella and his supervisory staff that she was pregnant inOctober of 2013.

66.     Immediately following her report of her pregnancy, Plaintiff Flynn was transferred to River Valley, a well-known punitive assignment.

67.     The foregoing constitutes impermissible pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

68.     Defendant Astrella and Defendant Will County and the Will County Public Defenders Office course of conduct showed a disregard to Plaintiff Flynn's right to have an employment free from unlawful pregnancy discrimination.

69.     As a result of Defendants unlawful employment practices complained of herein, Plaintiff Flynn experienced, and continues to experience, lost wages and benefits from promotions and lost opportunities for career advancement and suffered, and continues to suffer, from severe emotional distress, embarrassment, mental anguish and humiliation.

WHEREFORE, Plaintiff Flynn, respectfully prays that this Court enter an Order:

(a)     Declaring the conduct of Defendant Will County and the Will County Public Defender's Office and its agents/employees, as described herein, is in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.;

(b)     Awarding Plaintiff Flynn the back pay and benefits, with interest, front pay and future pecuniary losses she has suffered as a result of Defendant Will County and the Will County Public Defenders Office's conduct;

(c)     Awarding Plaintiff Flynn compensatory damages;

(d)     Awarding Plaintiff Flynn reasonable attorneys'fees and costs under 42 U.S.C. § 2000e-5(k); and

(e)     Permanently enjoining and restraining Defendants from, in any manner:

      i)      allowing and permitting pregnancy discrimination in the work environment; and

      ii)     retaliating against Plaintiff Flynn for complaining about pregnancy discrimination.

**COUNT V**
**Plaintiff Flynn v. Will County and the Will County Public Defender's Office**
**ADA – Failure to Accommodate**

1-63.    Plaintiffs repeat and re-allege paragraphs 1-63 of the Complaint as if they are fully set forth herein.

64.    As set forth herein, beginning on or around November 13, 2013, and continuing up through approximately May 5, 2014, in violation of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12201, *et seq*., Defendants failed to provide Plaintiff Flynn her requested reasonable accommodation for her known disability, a seizure disorder.

65.    In ignoring Plaintiff's requests for a reasonable accommodation, Defendants maliciously and/or recklessly violated the ADA.

66.    Plaintiff has been damaged by Defendants' violation of the ADA inasmuch as she suffered severe emotional distress, embarrassment, mental anguish and humiliation in being forced to work, while pregnant, without such her requested reasonable accommodations subjecting herself and her baby to unnecessary health risks.

WHEREFORE, Plaintiff Flynn, respectfully prays that this Court enter an Order:

(a)    Declaring the conduct of Defendant Will County and the Will County Public Defender's Office and its agents/employees, as described herein, is in violation of the Americans with Disabilities Act, 42 U.S.C. § 12201 *et seq*.

(b)    Awarding Plaintiff Flynn compensatory damages;

(c)    Awarding Plaintiff Flynn reasonable attorneys' fees and costs under 42 U.S.C. § 12205; and

(d)    Permanently enjoining and restraining Defendants from, in any manner:

20

      i)       failing to provide reasonable accommodations as set forth in the Americans with Disabilities Act; and

      ii)      retaliating against Plaintiff Flynn for complaining about Defendants' failure to accommodate.

<u>COUNT VI</u>
**Plaintiff Bembnister v. Defendant Will County and the Will County Public Defender's Office**
**§ 1983 – Sexual Harassment**

1-63.    Plaintiffs repeat and re-allege paragraphs 1-63 of the Complaint as if they are fully set forth herein.

64.    Defendant Will County and the Will County Public Defender's Office empowered Defendant Astrella and his supervisory staff to establish a hostile work environment of persistent sexual harassment by placing Defendant Astrella in a position to establish a pattern and practice of sexual harassment at the Will County Public Defender's Office and by failing to monitor Defendant Astrella's activities in a manner that would eliminate or prevent sexual harassment in the workplace.

65.    Defendant Will County and the Will County Public Defender's Office empowered Defendant Astrella with final policy making authority as it relates to the allegations set forth herein.

66.    Defendant Will County and the Will County Public Defender's Office knew, or should have known, that Plaintiff Bembnister was subjected to unlawful sexual harassment in the work environment. Defendant Astrella and supervisors of Defendant Will County and the Will County Public Defender's Office had knowledge of Plaintiff's complaints and acquiesced to the sexual harassment and hostile work environment created by Defendant Astrella's unlawful pattern and practices.

67.     All of the actions taken against Plaintiff Bembnister by the Defendant or those agents, servants and/or employees acting on behalf of the Defendant Will County and the Will County Public Defender's Office and referred to herein, including the sexual harassment and the approving and condoning of these actions, was done by the Defendants while acting under color of law and in their official capacity, and had the effect of depriving Plaintiff Bembnister's rights secured by the Constitution and laws of the United States, specifically the Fourteenth Amendments, in violation of 42 U.S.C. §1983.

68.     The actions of Defendants in intentionally engaging in and condoning unlawful sexual harassment against Plaintiff Bembnister caused Plaintiff to suffer, and continue to suffer, from severe emotional distress, embarrassment, mental anguish and humiliation.

69.     The actions set forth herein of the Defendants were intentional, willful and malicious and/or in reckless disregard for Plaintiff's rights as secured by 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Bembnister, respectfully prays that this Court enter an Order:

(a)     Declaring the conduct of Defendant Will County and the Will County Public Defenders Office, and its agents/employees as described herein, violated Plaintiff Bembnister's Fourteenth Amendment Rights of the United States Constitution, in violation of §1983;

(b)     Awarding Plaintiff Bembnister compensatory damages;

(c)     Awarding Plaintiff Bembnister reasonable attorneys' fees and costs; and

(d)     Permanently enjoining and restraining Defendants from, in any manner:

> i)      allowing and permitting violations of employees' Fourteenth Amendment rights in violation of §1983; and
>
> ii)     retaliating against Plaintiff Bembnister for complaining about violations of their Fourteenth Amendment rights.

<u>COUNT VI</u>
**Plaintiff Bembnister v. Defendant Astrella (Individual Liability)**
**§ 1983 – Sexual Harassment**

1-63.    Plaintiffs repeat and re-allege paragraphs 1-63 of the Complaint as if they are fully set forth herein.

64.    The aforementioned pattern and practice of sexual harassment and corresponding deprivation of Plaintiff Bembnister's constitutional rights, as set forth herein, was directly caused and intended by Defendant Astrella.

65.    At all times relevant, Defendant Astrella acted under color of law and was empowered with final policy making authority as it relates to the allegations set forth herein.

66.    The actions of Defendant Astrella in intentionally engaging in and condoning unlawful sexual harassment against Plaintiff Bembnister caused Plaintiff to suffer, and continues to suffer, from severe emotional distress, embarrassment, mental anguish and humiliation.

67.    The actions set forth herein of the Defendant Astrella were intentional, willful and malicious and/or in reckless disregard for Plaintiff's rights as secured by 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Bembnister, respectfully prays that this Court enter an Order:

(a)    Declaring the conduct of Defendant Astrella as described herein, violated Plaintiff Bembnister's Fourteenth Amendment Rights of the United States Constitution, in violation of §1983;

(b)    Awarding Plaintiff Bembnister compensatory and punitive damages;

(c)    Awarding Plaintiff Bembnister reasonable attorneys' fees and costs; and

(d)    Permanently enjoining and restraining Defendants from, in any manner:

    i)    allowing and permitting violations of employees' Fourteenth Amendment rights in violation of §1983

    ii)    retaliating against Plaintiff Bembnister for complaining about violations of their Fourteenth Amendment rights.

23

<u>COUNT VII</u>
**Plaintiff Flynn v. Defendant Will County and the Will County Public Defender's Office**
**§ 1983 – Pregnancy Discrimination**

1-63.    Plaintiffs repeat and re-allege paragraphs 1-63 of the Complaint as if they are fully set forth herein.

64.    Defendant Will County and the Will County Public Defender's Office empowered Defendant Astrella and his supervisory staff to discriminate against Plaintiff Flynn on the basis of her pregnancy, as set forth herein, and failed to monitor Defendant Astrella's activities in a manner that would eliminate or prevent a pattern and practice of pregnancy discrimination in the workplace.

65.    Defendant Will County and the Will County Public Defender's Office empowered Defendant Astrella with the final policy making authority as it relates to the allegations set forth herein.

66.    Defendant Will County and the Will County Public Defender's Office knew, or should have known, that Plaintiff Flynn was subjected to unlawful pregnancy discrimination in the work environment.  Despite this, Defendant Will County failed to take any effective remedial action.

67.    All of the actions taken against Plaintiff Flynn by the Defendant Will County and the Will County Public Defender's Office, or those agents, servants and/or employees acting on behalf of the Defendant, including the pregnancy discrimination and the approving and condoning of these actions, was done by the Defendants while acting under color of law and in their official capacity, and had the effect of depriving Plaintiff Flynn of rights secured by the Constitution and laws of the United States, specifically the Fourteenth Amendments, in violation of 42 U.S.C. §1983.

68.     The actions of Defendants in intentionally engaging in and condoning unlawful pregnancy discrimination against Plaintiff Flynn caused Plaintiff to suffer lost wages and benefits from promotions and lost opportunities for career advancement and to suffer, and continues to suffer, from severe emotional distress, embarrassment, mental anguish and humiliation.

WHEREFORE, Plaintiff Flynn, respectfully prays that this Court enter an Order:

(a)     Declaring the conduct of Defendant Will County and the Will County Public Defender's Office, its agents, servants and employees, as described herein, violated Plaintiff Flynn's Fourteenth Amendment Rights of the United States Constitution and is in violation of §1983;

(b)     Awarding Plaintiff Flynn the back pay and benefits, with interest, front pay and future pecuniary losses she has suffered as a result of Defendant Will County and the Will County Public Defenders Office's conduct; and

(c)     Awarding Plaintiff Flynn compensatory damages;

(d)     Awarding Plaintiff Flynn reasonable attorneys' fees and costs; and

(e)     Permanently enjoining and restraining Defendants from, in any manner:

i)      allowing and permitting violations of employees' Fourteenth Amendment rights in violation of §1983 ; and

ii)     retaliating against Plaintiff Flynn for complaining about violations of her Fourteenth Amendment rights.

## COUNT VIII
### Plaintiff Flynn v. Defendant Astrella (Individual Liability)
### § 1983 – Pregnancy Discrimination

1-63.     Plaintiffs repeat and re-allege paragraphs 1-63 of the Complaint as if they are fully set forth herein.

64.     The aforementioned pattern and practice of pregnancy discrimination, harassment and corresponding deprivation of Plaintiff Flynn's constitutional rights, as set forth herein, was directly caused and intended by Defendant Astrella.

25

65.     At all times relevant, Defendant Astrella acted under color of law and was empowered with final policy making authority as it relates to the allegations set forth herein.

66.     The actions of Defendant Astrella in intentionally engaging in and condoning unlawful pregnancy discrimination and harassment against Plaintiff Flynn caused Plaintiff to suffer lost wages and benefits from promotions and lost opportunities for career advancement and suffer, and continues to suffer, from severe emotional distress, embarrassment, mental anguish and humiliation.

67.     The actions set forth herein of the Defendant Astrella were intentional, willful and malicious and/or in reckless disregard for Plaintiff's rights as secured by 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Flynn, respectfully prays that this Court enter an Order:

(a)     Declaring the conduct of Defendant Astrella as described herein, violated Plaintiff Flynn's Fourteenth Amendment Rights of the United States Constitution and is in violation of §1983;

(b)     Awarding Plaintiff Flynn compensatory and punitive damages;

(c)     Awarding Plaintiff Flynn reasonable attorneys' fees and costs; and

(d)     Permanently enjoining and restraining Defendants from, in any manner:

      i)     allowing and permitting violations of employees' Fourteenth Amendment rights in violation of §1983

      ii)     retaliating against Plaintiff Flynn for complaining about violations of her Fourteenth Amendment rights.

## COUNT IX
### Plaintiff Bembnister v. Defendant Will County and the Will County Public Defender's Office
### § 1983 – Retaliation

1-63.     Plaintiffs repeat and re-allege paragraphs 1-63 of the Complaint as if they are fully set forth herein.

64.     Defendant Will County and the Will County Public Defender's Office empowered Defendant Astrella and his supervisory staff to engage in a pattern and practice of retaliation as a result of Plaintiff Bembnister's reporting and complaining of sexual harassment and filing of Charges of Discrimination, including but not limited to:

      i.     subjecting Plaintiff Bembnister to harsher and different disciplinary standards then their similarly situated counterparts;

      ii.    subjecting Plaintiff Bembnister to different and more negative terms and conditions of employment than their similarly situated counterparts;

     iii.   ostracizing and isolating Plaintiff Bembnister and creating an uncomfortable work environment;

     iv.   limiting Plaintiff Bembnister's opportunities for advancement by restricting her felony jury trials;

      v.    moving Plaintiff Bembnister's offices in order to keep an eye on the problem employees;

     vi.   transferring Plaintiff Bembnister to River Valley, a well-known punitive assignment;

    vii.  denying Plaintiff Bembnister lateral positions that would lead to career advancement; and

   viii.  denying Plaintiff Bembnister promotions to the felony division.

65.     Defendant Will County and the Will County Public Defender's Office knew or should have known of such retaliation but took no action.

66.     Defendant Will County and the Will County Public Defender's Office conduct toward Plaintiff Bembnister showed a willful and/or reckless disregard of Plaintiff's rights to employment free from impermissible retaliatory conduct.

67.     All of the actions taken against Plaintiff Bembnister by the Defendant Will County and the Will County Public Defender's Office, or those agents, servants and/or employees acting on its behalf, and referred to herein, including those retaliatory adverse

employment actions and the approving and condoning of these actions, was and continues to be in retaliation for the exercise and/or the attempted exercise of Plaintiff Bembnister's right to free speech and press, in violation of the First Amendment, and/or because of Plaintiff's gender in violation of her due process and equal protection rights under the Fourteenth Amendment.

68. Additionally, Defendant Will County and the Will County Public Defender's Office failed to implement any policy that it may purport to have to prevent and/or eliminate impermissible retaliation for employees who complain about illegal sexual harassment and/or retaliatory conduct at the Will County Public Defender's Office.

69. The actions of the Defendants or those agents, servants and/or employees acting on behalf of Will County and the Will County Public Defender's Office, in failing to take any immediate corrective action to prevent and/or prohibit instances impermissible retaliation against Plaintiff Bembnister for speaking out about sexual harassment and retaliatory adverse employment actions, were carried out by sufficiently high ranking officials of Will County and the Will County Public Defender's Office, acting under the color of law, and by those who either possessed or had been delegated final policymaking authority for Will County and the Will County Public Defender's Office, including, but not limited Defendant Astrella. As such, these actions set forth herein constitute policy, custom or practice of Will County and the Will County Public Defender's Office.

70. As a direct and proximate cause of Defendant Will County and the Will County's Public Defender's Office systemic policy and/or custom of retaliation, Plaintiff Bembnister has been and continues to be deprived of her rights, privileges and/or immunities secured by the Constitution and laws, including but not limited to the First and Fourteenth Amendments, in violation of 42 U.S.C. §1983.

71.     The aforementioned incidents created an intimidating, retaliating, and hostile and offensive work environment for Plaintiff, by the Defendants, and therefore violated Plaintiff's rights under the First and Fourteenth Amendments, in violation of 42 U.S.C. §1983.

72.     The actions of Defendant Will County and the Will County Public Defender's Office in intentionally engaging in and condoning unlawful retaliatory adverse employment actions against Plaintiff Bembnister caused Plaintiff to suffer and continue to suffer from lost wages and benefits from promotions and lost opportunities for career advancement and suffer, and continues to suffer, from severe emotional distress, embarrassment, mental anguish and humiliation.

WHEREFORE, Plaintiff Bembnister, respectfully prays that this Court enter an Order:

(a)     Declaring the conduct of Defendant Will County and the Will County Public Defender's Office, and its agents/employees as described herein, violated Plaintiff Bembnister's First and Fourteenth Amendment Rights of the United States Constitution and is in violation of §1983;

(b)     Awarding Plaintiff Bembnister compensatory damages;

(c)     Awarding Plaintiff Bembnister reasonable attorneys' fees and costs; and

(d)     Permanently enjoining and restraining Defendants from, in any manner:

   i)      allowing and permitting violations of employees' First and Fourteenth Amendment rights in violation of §1983; and

   ii)     retaliating against Plaintiff Bembnister for complaining about violations of her First and Fourteenth Amendment rights.

### COUNT X
**Plaintiff Bembnister v. Defendant Astrella (Individually)**
**§ 1983 – Retaliation**

1-63.   Plaintiffs repeat and re-allege paragraphs 1-63 of the Complaint as if they are fully set forth herein.

64.     The aforementioned pattern and practice of retaliation and corresponding deprivation of Plaintiff Bembnister's constitutional rights, as set forth herein, was directly caused and intended by Defendant Astrella.

65.     At all times relevant, Defendant Astrella acted under color of law and was empowered with final policy making authority as it relates to the allegations set forth herein.

66.     The actions of Defendant Astrella in intentionally engaging in and condoning unlawful retaliation against Plaintiff Bembnister for reporting and complaining of sexual harassment and filing Charges of Discrimination caused Plaintiff suffer lost wages and benefits from promotions and lost opportunities for career advancement and suffer, and continues to suffer, from severe emotional distress, embarrassment, mental anguish and humiliation.

67.     The actions set forth herein of the Defendant Astrella were intentional, willful and malicious and/or in reckless disregard for Plaintiff's rights as secured by 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Bembnister, respectfully prays that this Court enter an Order:

(a)     Declaring the conduct of Defendant Astrella as described herein, violated Plaintiff Bembnister's First and Fourteenth Amendment Rights of the United States Constitution and is in violation of §1983;

(b)     Awarding Plaintiff Bembnister compensatory and punitive damages;

(c)     Awarding Plaintiff Bembnister reasonable attorneys' fees and costs; and

(d)     Permanently enjoining and restraining Defendants from, in any manner:

      i)      allowing and permitting violations of employees' First and Fourteenth Amendment rights in violation of §1983; and

      ii)     retaliating against Plaintiff Bembnister for complaining about violations of her First and Fourteenth Amendment rights.

30

## COUNT XI
### Plaintiff Flynn v. Defendant Will County and the Will County Public Defender's Office
### § 1983 – Retaliation

1-63.    Plaintiffs repeat and re-allege paragraphs 1-63 of the Complaint as if they are fully set forth herein.

64.    Defendant Will County and the Will County Public Defender's Office empowered Defendant Astrella and his supervisory staff to engage in pattern and practice of retaliation as a result of Plaintiff Flynn participation in an investigation of and corroborating reports of sexual harassment and filing of Charges of Discrimination, including but not limited to:

    i.     subjecting Plaintiff Flynn to harsher and different disciplinary standards then their similarly situated counterparts;

    ii.     subjecting Plaintiff Flynn to different and more negative terms and conditions of employment than their similarly situated counterparts;

    iii.     ostracizing and isolating Plaintiff Flynn and creating an uncomfortable work environment;

    iv.     limiting Plaintiff Flynn's opportunities for advancement by restricting her felony jury trials;

    v.     moving Plaintiff Flynn's offices in order to keep an eye on the problem employees;

    vi.     transferring Plaintiff Flynn to River Valley, a well-known punitive assignment;

    vii.     denying Plaintiff Flynn lateral positions that would lead to career advancement; and

    viii.     denying Plaintiff Flynn promotions to the felony division.

65.    Defendant Will County and the Will County Public Defender's Office knew or should have known of such retaliation but took no action.

66.    Defendant Will County and the Will County Public Defender's Office conduct toward Plaintiff Bembnister showed a willful and/or reckless disregard of Plaintiff's rights to

31

employment free from impermissible retaliatory conduct.

67.     All of the actions taken against Plaintiff Flynn by the Defendant Will County and the Will County Public Defender's Office, or those agents, servants and/or employees acting on its behalf, and referred to herein, including those retaliatory adverse employment actions and the approving and condoning of these actions, was and continues to be in retaliation for the exercise and/or the attempted exercise of Plaintiff Flynn's right to free speech and press, in violation of the First Amendment, and/or because of Plaintiff's gender in violation of her due process and equal protection rights under the Fourteenth Amendment.

68.     Additionally, Defendant Will County and the Will County Public Defender's Office failed to implement any policy that it may purport to have to prevent and/or eliminate impermissible retaliation for employees who complain about illegal sexual harassment and/or retaliatory conduct at the Will County Public Defender's Office.

69.     The actions of the Defendants or those agents, servants and/or employees acting on behalf of Will County and the Will County Public Defender's Office, in failing to take any immediate corrective action to prevent and/or prohibit instances impermissible retaliation against Plaintiff Flynn for speaking out about sexual harassment and retaliatory adverse employment actions, were carried out by sufficiently high ranking officials of Will County and the Will County Public Defender's Office, acting under the color of law, and by those who either possessed or had been delegated final policymaking authority for Will County and the Will County Public Defender's Office, including, but not limited Defendant Astrella.  As such, these actions set forth herein constitute policy, custom or practice of Will County and the Will County Public Defender's Office.

70.     As a direct and proximate cause of Defendant Will County and the Will County's Public Defender's Office systemic policy and/or custom of retaliation, Plaintiff Flynn has been and continues to be deprived of her rights, privileges and/or immunities secured by the Constitution and laws, including but not limited to the First and Fourteenth Amendments, in violation of 42 U.S.C. §1983.

71.     The aforementioned incidents created an intimidating, retaliating, and hostile and offensive work environment for Plaintiff, by the Defendants, and therefore violated Plaintiff's rights under the First and Fourteenth Amendments, in violation of 42 U.S.C. §1983.

72.     The actions of Defendant Will County and the Will County Public Defender's Office in intentionally engaging in and condoning unlawful retaliatory adverse employment actions against Plaintiff Flynn caused Plaintiff to suffer and continue to suffer from lost wages and benefits from promotions and lost opportunities for career advancement and suffer, and continues to suffer, from severe emotional distress, embarrassment, mental anguish and humiliation.

WHEREFORE, Plaintiff Flynn, respectfully prays that this Court enter an Order:

(a)     Declaring the conduct of Defendant Will County and the Will County Public Defender's Office, and its agents/employees as described herein, violated Plaintiff Flynn's First and Fourteenth Amendment Rights of the United States Constitution and is in violation of §1983;

(b)     Awarding Plaintiff Flynn compensatory damages;

(c)     Awarding Plaintiff Flynn reasonable attorneys' fees and costs; and

(d)     Permanently enjoining and restraining Defendants from, in any manner:

i)     allowing and permitting violations of employees'
First and Fourteenth Amendment rights in violation of
§1983; and

ii)     retaliating against Plaintiff Flynn for complaining
about violations of her First and Fourteenth Amendment
rights.

## COUNT XII
### Plaintiff Flynn v. Defendant Astrella (Individually)
### § 1983 – Retaliation

1-63.   Plaintiffs repeat and re-allege paragraphs 1-63 of the Complaint as if they are fully set forth herein.

64.     The aforementioned pattern and practice of retaliation and corresponding deprivation of Plaintiff Flynn's constitutional rights, as set forth herein, was directly caused and intended by Defendant Astrella.

65.     At all times relevant, Defendant Astrella acted under color of law and was empowered with final policy making authority as it relates to the allegations set forth herein.

66.     The actions of Defendant Astrella in intentionally engaging in and condoning unlawful retaliation against Plaintiff Flynn for participating in the investigation of and corroborating a report of sexual harassment and for filing Charges of Discrimination caused Plaintiff suffer lost wages and benefits from promotions and lost opportunities for career advancement and suffer, and continues to suffer, from severe emotional distress, embarrassment, mental anguish and humiliation.

67.     The actions set forth herein of the Defendant Astrella were intentional, willful and malicious and/or in reckless disregard for Plaintiff's rights as secured by 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Flynn, respectfully prays that this Court enter an Order:

(a)     Declaring the conduct of Defendant Astrella as described herein, violated Plaintiff Flynn's First and Fourteenth Amendment Rights of the United States Constitution and is in violation of §1983;

(c)     Awarding Plaintiff Flynn compensatory and punitive damages;

(d)      Awarding Plaintiff Flynn reasonable attorneys' fees and costs; and

(e)      Permanently enjoining and restraining Defendants from, in any manner:

    i)  allowing and permitting violations of employees'
       First and Fourteenth Amendment rights in violation of
       §1983; and

    ii)  retaliating against Plaintiff Flynn for complaining
       about violations of her First and Fourteenth Amendment
       rights.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

           Respectfully Submitted,

           s/Meredith W. Buckley
           Meredith W. Buckley
           Attorney for Plaintiffs

Seth R. Halpern
Meredith W. Buckley
MALKINSON & HALPERN, P.C.
208 S. LaSalle St., Suite 1750
Chicago, Illinois 60604
(312) 427-9600